Slip Op. 20-106

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| VIETNAM FINEWOOD COMPANY LIMITED, ET AL., | |
| Plaintiffs, | |
| and | |
| LIBERTY WOODS INTERNATIONAL, INC., | Before: Mark A. Barnett, Judge |
| | Court No. 19-00218 |
| Plaintiff-Intervenor, | |
| v. | |
| UNITED STATES, | |
| Defendant. | |

## <u>OPINION AND ORDER</u>

[Defendant's motion to dismiss for lack of subject matter jurisdiction is granted. Plaintiffs' and Plaintiff-Intervenor's motions for leave to file a supplemental complaint are denied and Plaintiffs' motion for a preliminary injunction is denied as moot.]

Dated: July 31, 2020

<u>Gregory S. Menegaz</u>, <u>J. Kevin Hogan</u>, and <u>Alexandra H. Salzman</u>, deKieffer & Horgan, PLLC, of Washington, DC, for Plaintiffs Vietnam Finewood Company Limited, Far East American, Inc., and Interglobal Forest LLC.

<u>Ellen M. Murphy</u>, Orrick, Herrington & Sutcliffe LLP, of New York, NY, for Plaintiff-Intervenor Liberty Woods International, Inc.

<u>Hardeep K. Josan</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for Defendant United States. With her on the brief were <u>Ethan P. Davis</u>, Acting Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, <u>Justin R. Miller</u>, Attorney-In-Charge, International Trade Field Office, and <u>Aimee Lee</u>, Assistant Director.

Barnett, Judge:  This matter is before the court on three categories of motions

relevant to U.S. Customs and Border Protection's ("CBP" or "Customs") EAPA (Enforce

and Protect Act) Investigation No. 7252 conducted pursuant to 19 U.S.C. § 1517

(2018).[1]  Defendant United States ("Defendant" or "the Government") moves to dismiss

the amended complaint filed by Plaintiffs Vietnam Finewood Company Limited

("Vietnam Finewood"), Far East American, Inc. ("FEA"), and InterGlobal Forest LLC

("IGF") (collectively, "Plaintiffs") and the complaint filed by Plaintiff-Intervenor Liberty

Woods International, Inc. ("Plaintiff-Intervenor" or "Liberty Woods") for lack of subject

matter jurisdiction pursuant to United States Court of International Trade ("USCIT" or

"CIT") Rule 12(b)(1).  Def.'s Mot. to Dismiss, ECF No. 41, and accompanying Def.'s

Mem. in Supp. of its Mot. to Dismiss ("Def.'s Mot. Dismiss"), ECF No. 41; Order (Apr.

30, 2020), ECF No. 44 (indicating the court's intention to treat the Government's motion

as a responsive pleading with respect to Liberty Woods' complaint, to which the

Government had not previously responded, and which lacked an independent basis for

jurisdiction).  Plaintiffs and Plaintiff-Intervenor each seek leave to file a supplemental

complaint to account for events that occurred since the action was commenced.  Pls.'

Mot. for Leave to File Suppl. Compl. ("Pls.' Mot. Suppl. Compl."), ECF No. 60; Ltr. from

Ellen M. Murphy, Orrick, Herrington & Sutcliffe LLP, to the Court (June 11, 2020) ("LW's

---

[1] Section 1517 of Title 19 is commonly referred to as the Enforce and Protect Act, or
"EAPA."  EAPA was enacted as part of the Trade Facilitation and Trade Enforcement
Act of 2015, Pub. L. No. 114–125, § 421, 130 Stat. 122, 161 (2016).  The administrative
record associated with EAPA Investigation No. 7252 is contained in a Confidential
Administrative Record ("CR"), ECF Nos. 37, 51, and a Public Administrative Record
("PR"), ECF No. 36.

Mot. Suppl. Compl."), ECF No. 62.  Plaintiffs also seek a preliminary injunction enjoining

the U.S. Department of Commerce ("Commerce") from conducting a scope inquiry

Commerce initiated following a referral from Customs pursuant to 19 U.S.C.

§ 1517(b)(4). Pls.' Mot. for Prelim. Inj., ECF No. 22.

For the following reasons, the court grants Defendant's motion to dismiss for lack

of subject matter jurisdiction.  Plaintiffs' and Plaintiff-Intervenor's respective motions for

leave to file a supplemental complaint will be denied and Plaintiffs' motion for a

preliminary injunction will be denied as moot.

### STANDARD OF REVIEW

To adjudicate a case, a court must have subject-matter jurisdiction over the

claims presented.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95

(1998).  "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the

complaint must be dismissed in its entirety."  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514

(2006).

Plaintiffs bear the burden of establishing subject-matter jurisdiction.  *See Norsk*

*Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006).  When, as

here, the plaintiffs assert section 1581(i) jurisdiction, they "bear[] the burden of showing

that another subsection is either unavailable or manifestly inadequate."  *Erwin Hymer*

*Group N. Am., Inc. v. United States*, 930 F.3d 1370, 1375 (Fed. Cir. 2019) (citation

omitted).  Because the pending motion to dismiss rests on the availability of jurisdiction

pursuant to subsection (c) of section 1581, and therefore challenges the existence of

subsection (i) jurisdiction, "the factual allegations in the complaint are not controlling and

only uncontroverted factual allegations are accepted as true." *Shoshone Indian Tribe of Wind River Rsrv., Wyo. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012).  To resolve the pending motion to dismiss, the "court is not restricted to the face of the pleadings" and may, if necessary, "review evidence extrinsic to the pleadings." *Id.* (internal quotation marks and citation omitted).

BACKGROUND

I.    **Legal Framework**

      A.  **Overview of EAPA Investigations**

As noted, EAPA investigations are governed by 19 U.S.C. § 1517.[2] *Supra* note 1.  Section 1517 directs Customs to initiate an investigation within 15 days of receipt of an allegation that "reasonably suggests that covered merchandise has been entered into the customs territory of the United States through evasion."  19 U.S.C. § 1517(b)(1); *see also id.* § 1517(b)(2) (stating allegation requirements).  "Covered merchandise" refers to "merchandise that is subject to" antidumping or countervailing duty orders issued pursuant to 19 U.S.C. § 1673e or 19 U.S.C. § 1671e, respectively.  *Id.* § 1517(a)(3).  "Evasion" is defined as:

> entering covered merchandise into the customs territory of the United States by means of any document or electronically transmitted data or information, written or oral statement, or act that is material and false, or any omission that is material, and that results in any cash deposit or other security or any amount of applicable antidumping or countervailing duties being reduced or not being applied with respect to the merchandise.

---

[2] On August 22, 2016, CBP promulgated final interim regulations that further guide Customs' implementation of the EAPA framework.  *See Investigation of Claims of Evasion of Antidumping and Countervailing Duties*, 81 Fed. Reg. 56,477 (CBP Aug. 22, 2016) (interim regulations; solicitation of comments); 19 C.F.R. pt. 165 (2017).

*Id.* § 1517(a)(5)(A).[3]

If Customs "receives an allegation . . . and is unable to determine whether the merchandise at issue is covered merchandise," Customs must "refer the matter to [Commerce] to determine whether the merchandise is covered merchandise" and "notify the party that filed the allegation, and any other interested party participating in the investigation, of the referral." *Id.* § 1517(b)(4)(A).

Once Customs initiates an investigation, it has 90 days to decide "if there is a reasonable suspicion that such covered merchandise was entered into the customs territory of the United States through evasion" and, if so, to impose interim measures. *Id.* § 1517(e). Interim measures consist of: (1) "suspend[ing] the liquidation of each unliquidated entry of such covered merchandise that entered on or after the date of the initiation of the investigation"; (2) "extend[ing] the period for liquidating each unliquidated entry of such covered merchandise that entered before the date of the initiation of the investigation"; and (3) "such additional measures as [Customs] determines necessary to protect the revenue of the United States." *Id.*

Customs generally must issue its determination "not later than 300 calendar days after the date on which" Customs initiated the investigation. *Id.* § 1517(c)(1)(A). Customs may, however, extend this period by "not more than 60 calendar days" if CBP determines that "the investigation is extraordinarily complicated" or "additional time is necessary." *Id.* § 1517(c)(1)(B). Additionally, the time "required for any referral and

---

[3] Section 1517(a)(5)(B) contains exceptions for clerical errors, which are not relevant here. 19 U.S.C. § 1517(a)(5)(B).

determination" by Commerce as to whether the merchandise is covered merchandise "shall not be counted in calculating" CBP's deadline for issuing its determination.  *Id.* § 1517(b)(4)(C).  Customs' determination regarding the existence of evasion must be "based on substantial evidence."  *Id.* § 1517(c)(1)(A).

Within 30 days of Customs' evasion determination pursuant to section 1517(c), the person alleging evasion, or the person found to have engaged in evasion, may file an administrative appeal with Customs "for de novo review of the determination."  *Id.* § 1517(f)(1).  Thereafter, either of those persons have 30 business days in which to seek judicial review of Customs' determination and administrative review.  *Id.* § 1517(g)(1).  EAPA directs the court to examine "whether [CBP] fully complied with all procedures under subsections (c) and (f)" and "whether any determination, finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *Id.* § 1517(g)(2).

### B.  The Court's Subject Matter Jurisdiction

The USCIT, like all federal courts, is a "court[] of limited jurisdiction marked out by Congress."  *Norcal/Crosetti Foods, Inc. v. United States*, 963 F.2d 356, 358 (Fed. Cir. 1992) (quoting *Aldinger v. Howard*, 427 U.S. 1, 15 (1976)).  The court's jurisdiction is governed by 28 U.S.C. § 1581 (2018), *et seq.  See id*.

Relevant here, Section 1581(c) grants the court jurisdiction (referred to as "(c) jurisdiction") to review Customs' EAPA determinations.  28 U.S.C. § 1581(c); 19 U.S.C. § 1517(g).  Section 1581(i) grants the court jurisdiction (referred to as "(i) jurisdiction") to entertain "any civil action commenced against the United States, its agencies, or its

officers, that arises out of any law of the United States providing for— . . . (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue," and "(4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section."  28 U.S.C. § 1581(i)(2),(4).

"Section 1581(i) embodies a 'residual' grant of jurisdiction[] and may not be invoked when jurisdiction under another subsection of [section] 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate."  *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018) (citation omitted).  The scope of the court's (i) jurisdiction is "strictly limited." *Erwin Hymer*, 930 F.3d at 1374 (citation omitted).  Otherwise, (i) jurisdiction would "threaten to swallow the specific grants of jurisdiction contained within the other subsections."  *Id.* (citation omitted).

## II.    Factual and Procedural Background

On January 4, 2018, Commerce issued antidumping and countervailing duty orders on certain hardwood plywood products from the People's Republic of China ("China" or "the PRC").  *Certain Hardwood Plywood Products From the People's Republic of China*, 83 Fed. Reg. 504 (Dep't Commerce Jan. 4, 2018) (am. final determination of sales at less than fair value, and antidumping duty order) ("*AD Order*"); *Certain Hardwood Plywood Products From the People's Republic of China*, 83 Fed. Reg. 513 (Dep't Commerce Jan. 4, 2018) (countervailing duty order) ("*CVD Order*")

(together, "the *AD/CVD Orders*").  The merchandise subject to the *AD/CVD Orders* is

described, *inter alia*, as:

> hardwood and decorative plywood, and certain veneered panels . . . .  For
> purposes of this proceeding, hardwood and decorative plywood is defined
> as a generally flat, multilayered plywood or other veneered panel,
> consisting of two or more layers or plies of wood veneers and a core, with
> the face and/or back veneer made of non-coniferous wood (hardwood) or
> bamboo.

*AD Order*, 83 Fed. Reg. at 512; *CVD Order*, 83 Fed. Reg. at 515.

FEA, IGF, and Liberty Woods (collectively, "the subject importers") are domestic

importers of hardwood plywood exported from Vietnam by Vietnam Finewood.  Am.

Compl. ("Pls.' Compl.") ¶¶ 1, 3, 20–21, ECF No. 13; Compl. ("LW's Compl."), ¶ 1, ECF

No. 32.  On July 9, 2018, Plywood Source, LLC ("Plywood"), lodged an allegation with

CBP in which Plywood claimed that the subject importers, among others, were evading

the *AD/CVD Orders* by importing into the United States hardwood plywood that was

produced in China and transshipped through Vietnam to the United States by Vietnam

Finewood.  Pls.' Compl. ¶ 28; *see also* Notice of Initiation of Investigation and Interim

Measures (Nov. 20, 2018) ("Initiation Ltr.") at CBP017805, CR 155, ECF No. 51.  In

response to the allegation, on August 15, 2018, CBP initiated EAPA Investigation No.

7252.  Pls.' Compl. ¶ 29.

On November 13, 2018, CBP imposed interim measures against the subject

importers, "directing that all unliquidated entries of imported merchandise under this

investigation that entered the United States as not subject to AD duties were to be rate-

adjusted to reflect that they are subject to the [*AD/CVD Orders*] on hardwood plywood

from China and requiring cash deposits in excess of 200% *ad valorem*."  *Id*. ¶ 31; *see also* Initiation Ltr. at CBP017809.  CBP further required "live entry" on all future imports from the subject importers, which "mean[s] that all entry documents and duties must be provided before cargo is released by CBP into the U.S. commerce."  Initiation Ltr. at CBP017809.

The statutory 360-day period for the completion of evasion investigations would have permitted CBP to complete its investigation and issue a final determination by September 16, 2019.  Pls.' Compl. ¶ 24; *see also* Def.'s Mot. at 4 (citation omitted).[4] However, on August 23, 2019, a Customs official emailed Commerce personnel a scope referral associated with EAPA Investigation No. 7252 that, while "in draft form," indicated that it should be "consider[ed CBP's] formal request for a scope referral." Email from Kristina Horgan, CBP, to Wendy Frankel, Commerce, et al. (Aug. 23, 2019, 13:54 EST) ("Customs' 8/23/2019 Email") at CBP001782, PR 153, ECF No. 36-3.  On September 16, 2019, the Customs official emailed Commerce personnel a revised scope referral.  Email from Kristina Horgan, CBP, to Sam Zengotitabengoa, Commerce, et al. (Sept. 16, 2019, 15:21 EST) ("Customs' 9/16/2019 Email") at CBP001781, PR 153, ECF No. 36-3; *see also* Scope Referral Request for Merchandise Under EAPA Cons. Inv. 7252 (Sept. 16, 2019) ("Scope Referral") at CBP001783–86, PR 153, ECF No. 36-3.  On September 25, 2019, Plaintiffs and Liberty Woods received an email from CBP informing them of the scope referral.  Pls.' Compl. ¶ 24; LW's Compl. ¶ 27; Email

---

[4] The September 16, 2019 deadline accounts for 37 days for which the deadline was tolled due to the U.S. Government shutdown.  Pls.' Compl. ¶ 24.

from EAPA ALLEGATIONS to Ofir Levy, et al. (Sept. 25, 2019, 09:05 EST) at

CBP001790, PR 155, ECF No. 36-3.

On December 27, 2019, Plaintiffs commenced this action.  Summons, ECF No.

1.  In Plaintiffs' amended complaint, filed as of right on January 13, 2020, Plaintiffs

challenge CBP's scope referral to Commerce; Commerce's alleged delay in acting on

the referral; Customs' imposition of interim measures; and Customs' alleged failure to

complete the investigation within the statutory timeframe.  Pls.' Compl. ¶¶ 10–19, 44–

51.  By way of relief, Plaintiffs request the court to (1) declare Customs' scope referral

"untimely and/or arbitrary and capricious"; (2) order Customs "to conclude EAPA

[Investigation] No. 7252 with a negative finding of evasion"; (3) order CBP to lift the

requirement that Vietnam Finewood's plywood products be entered into the United

States as subject to the *AD/CVD Orders*; and (4) order liquidation of all relevant entries

of the subject importers without regard to duties pursuant to the *AD/CVD Orders*.  *Id.* at

pp. 16–17.  Plaintiffs allege jurisdiction pursuant to 28 U.S.C. § 1581(i)(2),(4) and the

Administrative Procedure Act ("APA") 5 U.S.C. § 702.  *Id.* ¶¶ 6–8, 13.[5]

On January 17, 2020, Commerce published its notice of initiation of a scope

inquiry.  *Certain Hardwood Plywood From the People's Republic of China*, 85 Fed. Reg.

3,024 (Dep't Commerce Jan. 17, 2020) (notice of covered merchandise referral and

initiation of scope inquiry).  On February 3, 2020, Plaintiffs moved for a preliminary

---

[5] Liberty Woods asserts substantially similar claims in its complaint and alleges the
same jurisdictional bases.  *See generally* LW's Compl.  For ease of reference, the court
will refer solely to Plaintiffs' amended complaint in its analysis of the Government's
motion to dismiss.

injunction pursuant to USCIT Rule 65 to enjoin Commerce from conducting its scope inquiry.  Pls.' Mot. for Prelim. Inj., ECF No. 22.  The Government opposed Plaintiffs' motion.  Def.'s Opp'n to Pls.' Mot. for Prelim. Inj., ECF No. 42.

The Government filed its motion to dismiss this case on March 16, 2020.  Def.'s Mot. Dismiss.  Plaintiffs and Liberty Woods each opposed Defendant's motion to dismiss.  Pls.' Resp. to Def.'s Mot. to Dismiss ("Pls.' Opp'n Dismiss"), ECF No. 43; Letter from Ellen M. Murphy, Orrick, Herrington & Sutcliffe LLP to the Court (May 6, 2020), ECF No. 45 (joining Plaintiffs' opposition).  Defendant filed a reply.  Def.'s Reply in Suppl. of its Mot. to Dismiss ("Def.'s Reply"), ECF No. 46.

On May 8, 2020, Plaintiffs filed a status report informing the court that CBP had "liquidated practically all entries of the merchandise that are the subject of this litigation." Pls.' Status Report at 1, ECF No. 48.  CBP liquidated the entries after receiving instructions from Commerce to liquidate Vietnam Finewood's entries that entered during the respective periods of review corresponding to the first administrative reviews of the *AD Order* and *CVD Order*.  *Id.* at 2; *see also id.*, Ex. 3 (Message No. 71409 (March 11, 2020) ("AD Instructions"); Message No. 79402 (March 19, 2020) ("CVD Instructions")). Each set of instructions directed Customs to assess duties on the merchandise "at the cash deposit rate required at the time of entry."  AD Instructions at 2; *see also* CVD Instructions at 2 (directing liquidation "at the cash deposit or bonding rate in effect at the time of entry").  CBP assessed "antidumping and countervailing duties in excess of 200 [percent] *ad valorem* on each entry."  Pls.' Status Report at 1.

On May 13, 2020, the Government filed comments in which it characterized the

liquidations as "inadvertent[] and premature[]."  Def.'s Statement Pursuant to Court

Order at 1, ECF No. 52.  The Government averred that the liquidations "should not

affect the pending motion to dismiss."  *Id.* at 4.  The court granted Plaintiffs' motion for

leave to file responsive comments.  Order (May 22, 2020), ECF No. 54; Pls.' Cmts. on

Def.'s Statement, ECF No. 55.  Following a May 27, 2020 telephone conference with

the parties, Docket Entry, ECF No. 58, the Government and Plaintiffs each filed

additional comments regarding the court's subject matter jurisdiction in light of the

liquidations, Def.'s Suppl. Resp. to Court's Questions, ECF No. 59; Pls.' Suppl. Resp.

and Reply to Def.'s Suppl. Resp., ECF No. 61.

On June 11, 2020, Plaintiffs and Liberty Woods filed their respective motions

seeking leave to file a supplemental complaint pursuant to USCIT Rule 15(d).  Pls.' Mot.

Suppl. Compl.; LW's Mot. Suppl. Compl.  Plaintiffs' proposed supplemental complaint

contains new claims against Commerce's allegedly unlawful initiation of the scope

inquiry (count four) and Customs' liquidation of Vietnam Finewood's entries (count five).

[Proposed] Suppl. Compl. ("Pls' Proposed Suppl. Compl.") ¶¶ 81–86, 87–90, ECF No.

60-1.  Count five further alleges, in the alternative, that Commerce's issuance of

liquidation instructions to CBP regarding Vietnam Finewood's entries violated

Commerce's regulation that requires any existing suspension of liquidation to be

maintained when Commerce initiates a formal scope inquiry.  *Id.* ¶ 91 (citing 19 C.F.R.

§ 351.225(l)(1)).[6]

The Government filed a response to the respective motions for leave to file a

supplemental complaint.  Def.'s Resp. to Pls.' and Pl.-Int.'s Mots. for Leave ("Def.'s

Resp. Suppl. Compl."), ECF No. 65.  The Government explained that it does not oppose

supplementation with respect to Plaintiffs' alternative challenge to Commerce's

liquidation instructions,[7] but that it does oppose supplementation with respect to

Commerce's initiation of the scope inquiry and Customs' liquidation of Vietnam

Finewood's entries.  *Id.* at 1, 4–6.

### DISCUSSION

It is a "longstanding principle that the jurisdiction of the [c]ourt depends upon the

state of things at the time of the action brought."  *Keene Corp. v. United States*, 508

U.S. 200, 207 (1993) (citations omitted) (affirming dismissal of suits commenced at the

U.S. Court of Federal Claims when a statutory bar to that court's jurisdiction was

present at the time of filing but later resolved before the court addressed the

jurisdictional challenge); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826,

830 (U.S. 1989) ("The existence of federal jurisdiction ordinarily depends on the facts as

---

[6] Liberty Woods filed a proposed supplemental complaint that is substantively similar in relevant respects.  [Proposed] Suppl. Compl., ECF No. 62-1.

[7] The Government further noted that the parties are "discuss[ing] the possibility of a partial stipulation with respect to that claim" that will result in "voiding the liquidation of the entries, resetting the liquidated entries to an unliquidated status, and continuing to suspend the entries pending a final EAPA determination by CBP, without the need for adjudication of the merits."  Def.'s Resp. Suppl. Compl. at 2.

they exist when the complaint is filed").  For this reason, the court first considers the

Government's motion to dismiss in view of the facts as they are alleged in Plaintiffs'

amended complaint[8] and the parties' arguments thereto.[9]  The court will then turn to

Plaintiffs' and Plaintiff-Intervenor's motions to file a supplemental complaint.

I.    **Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction**

      **A.  Parties' Contentions**

      The Government contends that the court lacks (i) jurisdiction because Plaintiffs

will have a remedy under 28 U.S.C. § 1581(c) to challenge Customs' final

determination, including the timing of the determination, and any subsidiary procedural

decisions relevant thereto.  Def.'s Mot. Dismiss at 6–10.  The Government further

contends that Plaintiffs' remedy pursuant to 28 U.S.C. § 1581(c) is not manifestly

inadequate to the extent that Plaintiffs are suffering business harm because of the

investigation, *id.* at 10, or are experiencing "delays inherent in the statutory process," *id.*

(quoting *Sunpreme*, 892 F.3d at 1193).  Lastly, the Government contends that the

absence of a final agency action further forecloses judicial review of Plaintiffs' claims at

this time.  *Id.* at 12–14.

---

[8] "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."  *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007); *see also Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 (Fed. Cir. 2008) (considering subject matter jurisdiction in view of the facts alleged in an amended complaint accepted by the lower court).

[9] Accordingly, the parties' supplemental filings addressing events that occurred after Plaintiffs filed their amended complaint are not pertinent to the threshold issue regarding the court's authority to adjudicate the case based on the facts as they existed at the time of filing the amended complaint.

Plaintiffs contend that the crux of the action constitutes a challenge to CBP's failure to issue its determination within the 360-day statutory time frame and, thus, the Government's arguments are based "on the conclusory and false premise that CBP's investigation is ongoing within statutory time limits."  Pls.' Opp'n Dismiss at 3. According to Plaintiffs, CBP's failure to timely complete its investigation means that CBP's "stay of the proceedings and scope referral were untimely and void *ab initio*, thereby establishing [s]ection 1581(i) jurisdiction."  *Id.* at 10–11.  Plaintiffs further contend that they lack recourse to (c) jurisdiction because Customs has not completed its investigation and lacks any time in which to do so.  *Id.* at 13–14.  Lastly, Plaintiffs contend that judicial review is proper pursuant to the APA based on Customs' failure to issue a timely determination and deficient and dilatory scope referral.  *Id.* at 19–30.

In reply, the Government reiterates that challenges to CBP's conduct of the EAPA investigation, including procedural challenges, are amenable to (c) jurisdiction following CBP's issuance of the final determination.  Def.'s Reply at 2–4, 9–11.  The Government further contends that, contrary to Plaintiffs' claims, CBP's investigation is ongoing and will result in a determination in due course; the statute provides no timeframe within which Customs must issue a scope referral; and Customs provided sufficient notice of the scope referral.  *Id.* at 4–8.  Lastly, the Government contends, Plaintiffs' challenges to Commerce's actions following the alleged September 16, 2019 deadline for a final determination should be disregarded as an improper attempt to amend their complaint through Plaintiffs' opposition brief.  *Id.* at 11–12.

**B. Plaintiffs Will Have a Remedy Pursuant to 28 U.S.C. § 1581(c) That is not Manifestly Inadequate; Thus, This Matter Must be Dismissed for Lack of Subject Matter Jurisdiction**

It is well settled that "[a] party may not expand a court's jurisdiction by creative pleading." *Sunpreme*, 892 F.3d at 1193 (quoting *Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006)). Instead, the court must "look to the true nature of the action . . . in determining jurisdiction of the appeal." *Id.* (quoting same). The "true nature" of Plaintiffs' action is a challenge to CBP's alleged failure to complete its EAPA investigation within the statutory period and to CBP's allegedly deficient and dilatory referral of the matter to Commerce for a scope determination.[10] Pls.' Compl. ¶¶ 43–51. Plaintiffs seek a negative finding of evasion and corresponding relief. *Id.* at 16–17. As discussed more fully below, Plaintiffs' action must be dismissed for lack of subject matter jurisdiction because Plaintiffs may challenge an adverse final determination and administrative review pursuant to 19 U.S.C. § 1517(g) and 28 U.S.C. § 1581(c).

As discussed, section 1517 prescribes a two-part process for concluding an evasion finding at the administrative level, followed by the possibility of judicial review at the CIT. First, following the investigation, CBP must decide, "based on substantial evidence," whether covered merchandise was entered through evasion. 19 U.S.C. § 1517(c)(1)(A). Following that determination, either the person found to be engaged in

---

[10] For ease of reference, the court addresses its analysis to Plaintiffs' amended complaint and does not separately analyze Liberty Woods' complaint, which is, for all relevant purposes, the same.

evasion, or the person that alleged the evasion, may file an administrative appeal with

CBP for *de novo* review of the determination.  *Id.* § 1517(f)(1).  Subsection (g) further

provides that either such person may seek judicial review of the final determination and

the administrative review by the USCIT.  *Id.* § 1517(g)(1).  Plaintiffs' arguments as to

why its claims are not covered by this statutory framework lack merit.

      The administrative record for this proceeding shows that, on August 23, 2019,

Customs sent Commerce a "draft" copy of its scope referral regarding the merchandise

at issue in this case that, nevertheless, indicated that it constituted a "formal request for

a scope referral."  Customs' 8/23/2019 Email at CBP001782.  Customs subsequently

sent Commerce a revised scope referral on September 16, 2019, which date coincided

with the 360-day deadline for issuing a final determination.  Customs' 9/16/2019 Email

at CBP001781.  Without prejudice to any future arguments regarding the operative date

of the scope referral, pertinent here is the fact that Customs' issuance of the scope

referral tolled the statutory deadline for issuing its final determination—whether by

weeks or mere hours.  19 U.S.C. § 1517(b)(4)(C).

      Additionally, contrary to Plaintiffs' assertion that Customs' scope referral was

untimely, *see, e.g.*, Pls.' Opp'n Dismiss at 4–6, the statute contains no explicit deadline

by when CBP must refer a matter to Commerce for a scope determination, *see* 19

U.S.C. § 1517(b)(4)(A).  Customs' regulation is, moreover, explicit that "[a] referral is

required if at *any point after receipt of an allegation*, CBP cannot determine whether the

merchandise described in an allegation is properly within the scope of an antidumping

or countervailing duty order."  19 C.F.R. § 165.16(a) (emphasis added).

Accordingly, this matter has been effectively stayed at the administrative level pending Commerce's scope determination and Customs' subsequent final determination as to evasion.[11]  Following Customs' issuance of that determination and any decision on administrative appeal, the person that alleged the evasion, or the person found to have engaged in evasion, may seek judicial review of those determinations pursuant to 19 U.S.C. § 1517(g)(1) and 28 U.S.C. § 1581(c).  The court's review of Customs' determination as to evasion may encompass interim decisions subsumed into the final determination.  *Cf. Chemsol, LLC v. United States*, 755 F.3d 1345, 1353–54 (Fed. Cir. 2014) (CIT properly dismissed action brought under 28 U.S.C. § 1581(i) because jurisdiction pursuant to 28 U.S.C. § 1581(a) would be available to adjudicate challenges to Customs' final liquidation and "any interim decisions merged therein"); *Tianjin Magnesium Int'l Co. v. United States*, 32 CIT 1, 10–13, 533 F. Supp. 2d 1327, 1336–37 (2008)) (dismissing action alleging (i) jurisdiction that sought to challenge a procedural decision made by Commerce during an ongoing antidumping proceeding because a remedy would ultimately be available pursuant to 28 U.S.C. § 1581(c) after Commerce issued its final determination).

---

[11] These facts distinguish this case from *Ford Motor Co. v. United States*, 688 F.3d 1319, 1328 (Fed Cir. 2012), upon which Plaintiffs seek to rely.  Pls.' Opp'n Dismiss at 16 (arguing that *Ford Motor Co.* "is the precedent upon which this [c]ourt must find jurisdiction under 28 U.S.C. § 1581(i)").  In *Ford Motor Co.*, the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") held that the CIT had jurisdiction pursuant to 28 U.S.C. § 1581(i) over a challenge to CBP's failure to liquidate the plaintiff's entries within the statutory timeframe.  688 F.3d at 1321–22, 1328.  In contrast, here, the administrative proceeding is stayed, and the statutory deadline has not yet passed.

In sum, Plaintiffs will be able to avail themselves of jurisdiction pursuant to 28 U.S.C. § 1581(c) in order to challenge Customs' final determination and administrative appeal, as well as any procedural decisions merged into the same, and the remedy provided under that subsection is not manifestly inadequate.[12]  Thus, the court lacks jurisdiction pursuant to 28 U.S.C. § 1581(i) and this case must be dismissed.[13]

---

[12] Plaintiffs' argue that the remedy afforded by the court's (c) jurisdiction is manifestly inadequate because CBP failed to issue a final determination by the purported statutory deadline.  Pls.' Opp'n Dismiss at 2; *see also id.* at 19 (obtaining a remedy pursuant to 28 U.S.C. § 1581(c) "is not only manifestly inadequate, it is impossible").  In so doing, however, Plaintiffs conflate the availability of (c) jurisdiction with the adequacy of the remedy available thereto.  Plaintiffs offer no arguments as to why (c) jurisdiction, if available, would nevertheless be manifestly inadequate.  *See Sunpreme*, 892 F.3d at 1193–94 ("[T]o be manifestly inadequate, [pursuing an available remedy] must be an 'exercise in futility, or incapable of producing any result; failing utterly of the desired end through intrinsic defect; useless, ineffectual, vain.'") (quoting *Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289, 1294 (Fed. Cir. 2008)).

[13] Plaintiffs' reliance on the APA, 5 U.S.C. § 702, as a source of subject matter jurisdiction must fail.  *See* Pls.' Compl. ¶ 13.  It is well settled

> that the APA "does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action."  *Califano v. Sanders*, 430 U.S. 99, 107 (1977).  The APA is not a jurisdictional statute and "does not give an independent basis for finding jurisdiction in the Court of International Trade."  *Am. Air Parcel Forwarding Co. v. United States*, 718 F.2d 1546, 1552 (Fed.Cir.1983).

*Shinyei Corp. of Am. v. United States*, 355 F.3d 1297, 1304 (Fed. Cir. 2004).  For Plaintiffs' case to proceed, the court "must have its own independent basis for jurisdiction under 28 U.S.C. § 1581."  *Id.*  Plaintiffs appear to concede this point in their opposing brief, wherein Plaintiffs distinguish the court's jurisdiction to adjudicate the case from the merits of their claims regarding Customs' alleged failure to issue a determination by September 16, 2019 and untimely scope referral.  *See* Pls.' Opp'n Dismiss at 19, 21–30.  However, as discussed, the court lacks (i) jurisdiction over claims alleging procedural irregularities because Plaintiffs will be free to raise those claims in any challenge to Customs' final determination, for which the statutory deadline has not passed.

## II. Plaintiffs' and Plaintiff-Intervenor's Motions for Leave to File a Supplemental Complaint

### A. Parties' Contentions

Plaintiffs seek leave to file a supplemental complaint pursuant to USCIT Rule 15(d).  Pls.' Mot. Suppl. Compl. at 1–2.[14]  Plaintiffs rely on *Intrepid v. Pollock*, 907 F.2d 1125, 1129 (Fed. Cir. 1990) as authority for supplementation.  *Id.* at 2–3.  As previously noted, the Government is not opposed to supplementation with respect to Plaintiffs' claim contesting Commerce's liquidation instructions.  Def.'s Resp. Suppl. Compl. at 2.  However, the Government opposes supplementation with respect to Plaintiffs' claims concerning Commerce's initiation of the scope inquiry and Customs' liquidation of Vietnam Finewood's entries on the basis that those claims would be futile because they would not survive a motion to dismiss for lack of subject matter jurisdiction.  *Id.* at 4–6.

### B. The Proposed Supplemental Complaints Cannot Cure the Jurisdictional Defects Discussed Above; Thus, the Motions Must be Denied

Pursuant to USCIT Rule 15(d), the court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Supplementation may be allowed "even though the original pleading is defective in stating a claim or defense."  *Id.*  The parties' filings on these motions do not squarely address the court's authority to permit supplementation of a complaint over which the court presently lacks subject matter

---

[14] Liberty Woods joined and incorporated by reference Plaintiffs' motion for leave to file a supplemental complaint and did not present additional arguments for the court's consideration.  LW's Mot. Suppl. Compl. at 1.

jurisdiction, or, in other words, whether the proposed supplemental pleading can cure

the jurisdictional defects.  For the following reasons, the court finds that it cannot.

　　　As previously stated, in assessing the court's jurisdictional basis the court

generally must look to "the state of things at the time of the action brought."  *Keene*, 508

U.S. at 207.  There are exceptions to this rule, *see Newman-Green*, 490 U.S. at 832–38

(finding that Federal Rule of Civil Procedure 21 permitted an appellate court to dismiss

a dispensable nondiverse party to preserve federal diversity jurisdiction), and in *Black v.*

*Secretary of Health and Human Services*, the Federal Circuit concluded that a

supplemental complaint filed pursuant to the analogous Federal Rule of Civil Procedure

15(d) may, "in appropriate circumstances," be relied upon to cure "a jurisdictional

defect," 93 F.3d 781, 790 (Fed. Cir. 1996) (citing *Mathews v. Diaz*, 426 U.S. 67, 75

(1976)).[15]  The Federal Circuit also noted several instances in which various courts had

permitted supplemental pleadings to cure a purported jurisdictional defect.  *Id.* (citing

*Intrepid*, 907 F.2d at 1129; *Wilson v. Westinghouse Elec. Corp.*, 838 F.2d 286, 290 (8th

Cir. 1988); *United States v. C.J. Elec. Contractors, Inc.*, 535 F.2d 1326, 1329 (1st Cir.

1976); *Security Ins. Co. v. United States ex rel. Haydis*, 338 F.2d 444, 449 (9th Cir.

1964)).

　　　More recently, however, the Federal Circuit cast doubt on whether *Diaz* and

*Black* addressed true jurisdictional issues as opposed to "non-jurisdictional claim-

---

[15] Federal Rule of Civil Procedure 15(d) is identical to USCIT Rule 15(d).  "[T]he court may refer for guidance to the rules of other courts."  *United States v. Univar USA, Inc.*, 40 CIT ___, ___, 195 F. Supp. 3d 1312, 1317 (2016) (citing USCIT Rule 1).

processing rules" in cases involving federal statutes.  *Central Pines Land Co. v. United States*, 697 F.3d 1360, 1366 n.4 (Fed. Cir. 2012) (quoting *Gonzalez v. Thaler*, 555 U.S. 134, 141 (2012)) (further collecting cases regarding the non-jurisdictional nature of certain statutory conditions).  Indeed, a review of the cases cited in *Black*—with the exception of *Intrepid*—confirms that the "defects," although cast as jurisdictional, represented unfulfilled predicates to filing the underlying substantive claim.  *See Diaz*, 426 U.S. at 75 (permitting supplementation to allege the filing of an application for enrollment in Medicare Part B with the Commissioner of Social Security, which was necessary to raise a claim pursuant to 42 U.S.C. § 405(g)); *Wilson*, 838 F.2d at 290 (supplemental complaint permitted where the original complaint was filed prematurely, in violation of 29 U.S.C. § 626(c)–(d), which requires 60 days from the date of filing a charge with the Equal Employment Opportunity Commission to have lapsed before commencing a civil action); *C.J. Elec.*, 535 F.2d at 1329 (supplemental pleading permitted in order to allege a later predicate date that would bring the complaint within the timeframe specified by relevant provisions of the Miller Act, then codified at 40 U.S.C. § 270b(a)–(b) (1970)); *Haydis*, 338 F.2d at 449 (same).[16]

---

[16] *Intrepid* is an outlier.  In that case, the plaintiff initiated an action pursuant to the CIT's (i) jurisdiction, but later sought to supplement its complaint to allege later-developed facts and new claims that were judicially reviewable pursuant to the court's (c) jurisdiction.  *Intrepid*, 907 F.2d at 1126–27.  The Federal Circuit held that the CIT erred in declining to permit amendment or supplementation of the complaint.  *Id.* at 1129–30.  There is nothing in the appellate court's opinion to suggest, however, that the CIT lacked subject matter jurisdiction over the complaint as it was originally filed.  Rather, the Federal Circuit focused its discussion on whether the supplemental pleading alleged new events that were sufficiently related to the original claims, *id.*, and whether the

This interpretation of the cited cases is supported by the *Black* court's own statement that "[d]etermining whether a supplemental pleading can be used to rescue an insufficient petition or complaint in a particular case depends on a careful reading of the *substantive provision at issue*." 93 F.3d at 790 (emphasis added). In that respect, the *Black* court permitted supplementation to allege fulfilment of a threshold amount of unreimbursable expenses that must be incurred before seeking compensation under the Vaccine Act, 42 U.S.C. § 300aa-11(c)(1)(D). *Id.* at 790–92. In contrast to the foregoing cases, where supplementation remedied defects in filing conditions embedded in the substantive provision at issue, here, Plaintiffs seek to allege entirely new claims based on subsequent events and seek new forms of relief. *See* Pls.' Proposed Suppl. Compl. ¶¶ 81–91; *id.* at pp. 29–30 (demand for judgment and prayer for relief). However, "[l]ater events may not create jurisdiction where none existed at the time of filing." *Prasco*, 537 F.2d at 1337 (quoting *GAF Bldg. Materials Corp. v. Elk Corp.*, 90 F.3d 479, 483 (Fed. Cir. 1996) (alteration original)).[17] Thus, Plaintiffs' motion for leave to file a supplemental complaint must be denied.

---

plaintiff had timely alleged its new claims, *id.* at 1130–31. Accordingly, *Intrepid* does not support the court's authority to permit supplementation in this case.

[17] The court need not—and does not—resolve whether the new claims alleged in Plaintiffs' supplemental complaint are judicially reviewable pursuant to 28 U.S.C. § 1581(i) or the extent to which the facts underlying those claims affect the court's jurisdiction to adjudicate any of the original claims. Plaintiffs' amended complaint and the facts alleged therein form the basis of the court's assessment of its subject matter jurisdiction. *See Rockwell*, 549 U.S. at 473–74; *Prasco*, 537 F.2d at 1337. As in *Keene*, where a jurisdictional bar to the Court of Federal Claims' jurisdiction was present at the time of filing, 508 U.S. at 207, so too here, (i) jurisdiction was foreclosed at the time of filing because Plaintiffs' claims, as presented in their amended complaint, would be reviewable pursuant to the court's (c) jurisdiction, *see Sunpreme*, 892 F.3d at

### CONCLUSION AND ORDER

For the foregoing reasons, the court lacks jurisdiction pursuant to 28 U.S.C.

§ 1581(i) over the claims asserted in Plaintiffs' amended complaint and Liberty Woods'

complaint, and that impediment to judicial review cannot be cured by the proposed

supplemental pleadings.  Because the case must be dismissed, Plaintiffs' motion for a

preliminary injunction is moot.

Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction

is **GRANTED**.  Plaintiffs' and Liberty Woods' respective motions for leave to file a

supplemental complaint are **DENIED**.  Plaintiffs' motion for a preliminary injunction is

**DENIED** as moot.  Judgment will be entered accordingly.


                                                    /s/     Mark A. Barnett
                                                    Mark A. Barnett, Judge


Dated: July 31, 2020
          New York, New York

---

1191; *Erwin Hymer*, 930 F.3d at 1374 (the court's (i) jurisdiction is "strictly limited" to avoid overlap with the "specific grants of jurisdiction contained within the other subsections").